RECEIPT # 53285
AMOUNT $150
SUMMONS ISSUED 7-6
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 1-13-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2004 JAN 13 A 11: 30
U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*******************************************
WILLIAM P. CHERNICOFF,                    *
                                          *
             Plaintiff                    *
                                          *
v.                                        *
                                          *
NCO FINANCIAL SYSTEMS, INC., LOVELACE     *
HEALTH SYSTEMS, EQUIFAX                   *
INFORMATION SERVICES, LLC,                *
BIRCHWOOD CREDIT SERVICES, INC.,          *
TRANS UNION CORPORATION, and              *
EXPERIAN NATIONAL ASSISTANCE              *
CENTER,                                   *
                                          *
             Defendants                   *
*******************************************
```

04 10073 NG

MAGISTRATE JUDGE Cohen

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

This is an action against several credit information bureaus and furnishers of credit information for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 et seq., and Federal Fair Debt Collection Practices Act (FDCPA), 15 USC §§ 1692 et seq., causing loss and damage to the plaintiff, William P. Chernicoff. These violations included, but are not limited to, the furnishing of incorrect information to credit information bureaus by defendants NCO Financial Services ("NCO") and Lovelace Health Systems ("Lovelace") and other unfair collection practices, and the failure to properly list disputed debts, to correct listings of debt delinquency, and to reinvestigate said information by the credit bureaus Equifax Information Services ("Equifax"), Birchwood Credit Services ("BCS"), Trans Union Corporation ("Trans Union"), and Experian National Assistance Center ("Experian").

8. Plaintiff has subject matter jurisdiction in this case based on original jurisdiction under the Fair Credit Reporting Act, 15 U.S.C. § 1681p, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq..

## STATEMENTS OF FACTS

9. Since November, 2001 and continuing to this date, defendants NCO and Lovelace have alleged a debt by plaintiff to defendant Lovelace.

10. Plaintiff has denied the debt and repeatedly has requested an itemized statement, which the defendant NCO has refused to provide.

11. Defendant NCO has sent multiple debt collection notices and multiple telephone calls alleging a "debt" by the plaintiff to Defendant Lovelace. These letters and telephone calls, some of which have been harassing, have claimed conflicting amounts owed by the plaintiff.

12. Defendants NCO and Lovelace have failed and refused to provide explanation of what this debt is for or for the conflicting amounts claimed by the defendants in its letters and calls.

13. Defendant NCO reported the debt allegedly owed to defendant Lovelace as delinquent to the defendant credit agencies Equifax, BCS, Experian, and Trans Union.

14. The defendant credit agencies listed the plaintiff's debt as delinquent even though they knew and even after they were placed on notice that the debt claimed by defendants NCO and Lovelace was in fact disputed and thus should not have been listed as delinquent.

15. As a result of the improper reporting by defendant's NCO and Lovelace of a disputed debt and the improper reporting and listing by the defendant credit agencies, Equifax, BCS, Experian and Trans Union, Plaintiff was denied a loan and mortgage on March 27, 2002.

16. On August 21, 2002, still unable to obtain mortgage financing, plaintiff notified the defendant credit bureaus of the dispute and requested confirmation that these listings had been corrected as contested or disputed. No such confirmation was forthcoming.

17. Plaintiff ultimately received a mortgage refinancing at a rate one-quarter of one percent (¼%) higher than that he would have received had his credit rating been correct.

18. Plaintiff was required to pay a higher rate for an automotive loan, two percent (2%) higher, because of the improper credit report by defendants NCO and Lovelace and reported by defendants Equifax, BCS, Experian and Trans Union.

19. In January, 2003, the plaintiff, by his attorney, mailed a formal demand letter to all defendants pursuant to the provisions of the Massachusetts General Laws, Chapter 93A, the Massachusetts Consumer Protection Act. Copies of said letters are attached hereto as Exhibits "A" through "F," and the contents thereof are incorporated herein by reference.

20. Defendants have failed to make a reasonable offer of settlement to the plaintiff, have failed to pay the plaintiff any monies, and have done nothing to pay upon the plaintiff's claim.

21. Plaintiff has incurred and will incur substantial damages, which, to date, include no less than twenty-eight thousand dollars ($28,000.00): the higher additional interest charges he is paying due to the improper reporting of a debt.

## STATEMENTS OF CLAIMS

### COUNT ONE

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

22. Plaintiff repeats and realleges each of the preceding paragraphs.

23. Defendants NCO and Lovelace violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2, insofar as they furnished incorrect information to the defendant credit reporting bureaus and insofar as they failed to correct and update information regarding plaintiff, in accordance with the FCRA.

24. Defendants Equifax, BCS, Trans Union, and Experian violated the FCRA, 15 U.S.C. § 1681i, insofar as they failed to reinvestigate plaintiff's alleged debt and to reclassify said debt as contested or disputed upon notice from the plaintiff that the debt was contested.

25. Plaintiff has been damaged by defendants violations of the FCRA.

## COUNT TWO

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges each of the preceding paragraphs.

27. Defendants NCO and Lovelace violated the FDCPA by contacting plaintiff repeatedly to the point of harassment, particularly after it became known to them that plaintiff was represented by counsel, by claiming arbitrary and inconsistent amounts due, by failing to provide an explanation of the basis for the alleged debt, by failing to indicate that the debt was disputed when reporting it to the defendant credit reporting agency and otherwise, as described, in part, herein.

## COUNT THREE

## VIOLATIONS OF M.G.L. CH. 93A

28. Plaintiff repeats and realleges each of the preceding paragraphs.

29. Defendants NCO and Lovelace's actions come within the definition of "trade" and "commerce" as defined in Massachusetts General Laws, Chapter 93A, § 1, because defendants engaged in their attempts to collect money from the plaintiff in the Commonwealth of Massachusetts.

30. Defendants Equifax, BCS, Trans Union, and Experian's actions come within the definition of "trade" and "commerce" as defined in Massachusetts General Laws, Chapter 93A, § 1, because defendants supplied credit information in Massachusetts.

31. Defendants have unreasonably and willfully violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., causing injury and damage to the plaintiff.

32. Plaintiff mailed written demands for relief to defendants at least thirty days prior to the filing of this action in accordance with Massachusetts General Laws, Chapter 93A. § 9(3) [see Demand letters attached, marked "A" through "F"].

33. Each of the defendants failed to make a tender of reasonable settlement to plaintiff within thirty days of plaintiff's written demand for relief.

34. Defendants' actions, as outlined above and in plaintiff's written demand for relief, are unfair and deceptive practices in the conduct of trade and commerce. Therefore, defendant's actions are unlawful according to Massachusetts General Laws, Chapter 93A, § 2.

35. As a direct and proximate result of the defendant's unfair and deceptive trade practices, plaintiff suffered actual, consequential and incidental damages. The precise amount of damages is unknown at this time but exceeds twenty-eight thousand dollars ($28,000.00). Attorney's fees, interest, and other damages continue to accrue.

WHEREFORE, the plaintiff requests that this court grant him judgment, jointly and severally against each of the defendants, in such amount as is reasonable and just, plus such costs, attorneys fees, punitive damages and interest as he is entitled by law, including the doubling and trebling of his actual damages, pursuant to M.G.L. Ch. 93A, the award of his attorneys fees, pursuant to M.G.L. Ch. 93A, and such punitive damages as are permitted under the FCRA and FDCPA

**PLAINTIFF HEREBY INVOKES HIS RIGHT TO TRIAL BY JURY.**

Respectfully submitted,
William P. Chernicoff,
by his counsel,

Date: 1/7/04

Andrew M. Fischer
BB0# 167040
JASON & FISCHER
47 Winter Street
Boston, MA 02108
(617) 423-7904

chernicoff\credit\complaint