UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10073-NG

| | |
|---|---|
| William p. Chernicoff<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| NCO Financial Systems, Inc., et al.,<br><br>    Defendants | )<br>)<br>) |

ANSWER AND JURY TRIAL CLAIM OF BIRCHWOOD CREDIT SERVICES, INC.

Now comes Birchwood Credit Services, Inc. ("Birchwood"), a defendant in the above-captioned matter, and answers the complaint (the "Complaint") of William P. Chernicoff ("Chernicoff") as follows:

INTRODUCTION

The introduction to the Complaint does not appear to contain any allegations requiring a response from Birchwood; however, to the extent that it may be deemed to contain any, Birchwood denies them.

-2-

## PARTIES

1. Birchwood admits the allegations set forth in paragraph 1 of the Complaint.

2. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Birchwood admits the allegations set forth in paragraph 5 of the Complaint.

6. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Birchwood admits the allegations set forth in paragraph 8 of the Complaint.

## STATEMENTS OF FACTS

9. Birchwood admits that when Birchwood contacted defendant NCO Financial Systems, Inc. ("NCO") on September 4, 2002, defendant NCO advised it that Chernicoff was indebted to defendant Lovelace Medical Center ("Lovelace"). Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

-3-

10.   Birchwood is aware that Chernicoff disputes the debt to Defendant Lovelace. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

11.   Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 11 of the Complaint.

12.   Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 12 of the Complaint.

13.   Birchwood denies that defendant NCO originally reported any delinquent debt owed by Chernicoff to Birchwood. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

14.   Birchwood denies that it listed Chernicoff's delinquent debt to Defendant Lovelace on Chernicoff's credit report following notice by Chernicoff of the disputed nature of the debt. To the contrary, after Chernicoff's first notification to Birchwood, by means of a letter from Chernicoff's counsel dated August 21, 2002, Birchwood contacted defendant NCO by telephone. When defendant NCO repeatedly refused to furnish Birchwood with contact information for defendant Lovelace, so that Birchwood could verify Chernicoff's debt, Birchwood deleted the references to the two disputed debts from Chernicoff's credit report on September 12, 2002. Birchwood then sent corrected copies of Chernicoff's credit report to him and to all credit inquirors of his within the previous six month period in the manner prescribed by law. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

-4-

15. Birchwood denies that it improperly reported and listed Chernicoff's debts to defendant Lovelace. And further answering, Birchwood states that the first time it compiled a credit report respecting Chernicoff was April 24, 2002 almost one moth subsequent to the date that he claims he was denied a mortgage loan. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

16. Birchwood denies the allegations set forth in paragraph 16 of the Complaint insofar as they may be deemed to aver that Birchwood failed to respond to Chernicoff's counsel's letter dated August 21, 2002 in the manner prescribed by law. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

17. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Birchwood denies that it improperly reported Chernicoff's debts to defendant Lovelace. And further answering, Birchwood states that it only supplies credit reports to mortgage lenders and does not supply credit reports to auto lenders. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

-5-

19. Birchwood admits that Chernicoff's counsel mailed it a letter on December 30, 2002 purportedly written pursuant to the provisions of Massachusetts General Laws, Chapter 93A, which letter speaks for itself. Birchwood denies that any letters are attached to the Complaint and to the extent that such letters exist, and are deemed to contain allegations calling for a response from Birchwood, Birchwood denies such allegations. For the record, Birchwood incorporates by reference the letter of its counsel dated January 29, 2003, a copy of which is attached and marked "Exhibit A", which is Birchwood's repose to Chernicoff's counsel's said letter.

20. Birchwood denies that Chernicoff's allegations, as set forth in the December 30, 2002 letter of his counsel, warranted, from Birchwood, any offer of settlement, payment of money or the payment of any claim. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

21. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 21 of the Complaint.

STATEMENT OF CLAIMS

COUNT ONE

VIOLATION OF THE FAIR CREDIT REPORTING ACT

22. Birchwood repeats and reavers its answers to each of the foregoing paragraphs.

23. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 23 of the Complaint.

-6-

24. Birchwood denies the allegations set forth in paragraph 24 insofar as they relate to Birchwood. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

25. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 25 of the Complaint.

## COUNT TWO

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Birchwood repeats and reavers its answers to each of the foregoing paragraphs.

27. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 27 of the Complaint.

## COUNT THREE

### VIOLATIONS OF M.G.L., CH. 93A

28. Birchwood repeats and reavers its answers to each of the foregoing paragraphs.

29. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Birchwood admits the allegations set forth in paragraph 30 of the Complaint.

31. Birchwood denies the allegations set forth in paragraph 31 insofar as they relate to Birchwood. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

-7-

32. Birchwood again states that (i) the letter of Chernicoff's counsel to Birchwood dated December 30, 2002 speaks for itself, and (ii) no such Exhibits "A" through "F" are attached to the Complaint or, at least, the one served upon Birchwood.

33. Birchwood denies the allegations set forth in paragraph 31 insofar as they relate to Birchwood. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

34. Birchwood denies the allegations set forth in paragraph 34 insofar as they relate to Birchwood. Birchwood is without knowledge or information sufficient to determine the truth of the rest of the allegations set forth in this paragraph.

35. Birchwood is without knowledge or information sufficient to determine the truth of the allegations set forth in paragraph 35 of the Complaint.

WHEREFORE, Birchwood requests that the Court grant Birchwood judgment and award to Birchwood its costs and fees, including attorneys' fees in the amount determined by the Court, and award Birchwood such other relief as the Court deems equitable under the circumstances.

## AFFIRMATIVE DEFENSES

1. By way of affirmative defense, Birchwood says that the complaint fails to state a claim against Birchwood upon which relief may be granted.

-8-

2.  By way of affirmative defense, Birchwood says that, if Chernicoff suffered any injuries or damage, as alleged in the Complaint, such injuries or damage were caused by someone other than Birchwood or someone for whose conduct Birchwood was not and is not legally responsible.

3.  By way of affirmative defense, Birchwood says that Chernicoff is not entitled to recover against Birchwood because of his failure to mitigate damages.

## JURY CLAIM

Birchwood claims a trial by jury on all issues properly triable to a jury.

Dated: February 18, 2004

John Byrne Carroll
BBO No. 544404
Carroll Law Office
4 Courthouse Lane
Chelmsford, MA 01824
(978) 459-2828

## CERTIFICATE OF SERVICE

I certify that I served a copy of the attached Answer and Jury Trial Claim of Birchwood Credit Services, Inc. upon the plaintiff and all defendants appearing of record by mailing to their respective attorneys of record on February 18, 2004.

John Byrne Carroll