UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM P. CHERNICOFF | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CA #04-10073NG |
| NCO FINANCIAL SYSTEMS, INC., LOVELACE HEALTH SYSTEMS, EQUIFAX INFORMATION SERVICES, LLC BIRCHWOOD CREDIT SERVICES, INC., TRANSUNION CORPORATION, and EXPERIAN NATIONAL ASSISTANCE CENTER, Defendants. | ) ) ) ) ) ) ) ) ) | |

## ANSWER OF THE DEFENDANT, NCO FINANCIAL SYSTEMS, INC., TO PLAINTIFF'S COMPLAINT

The defendant, NCO Financial Systems, Inc. ("NCO"), hereby answers the plaintiff's Complaint paragraph by paragraph as follows:

### INTRODUCTION

The introduction to the plaintiff's Complaint does not appear to contain any allegations requiring a response from NCO. To the extent that it may be deemed to contain any allegations, NCO denies same.

### PARTIES

1.    NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Complaint, and, therefore, denies same.

2.      NCO admits that it maintains an office and conducts business in the Commonwealth
        of Massachusetts, but denies that it is headquartered in Torrance, California.  NCO is
        a Pennsylvania corporation with its principal place of business in Horsham,
        Pennsylvania.

3.      NCO is without knowledge or information sufficient to form a belief as to the truth
        of the allegations contained in paragraph 3 of the Plaintiff's Complaint, and,
        therefore, denies same.

4.      NCO is without knowledge or information sufficient to form a belief as to the truth
        of the allegations contained in paragraph 4 of the Plaintiff's Complaint, and,
        therefore, denies same.

5.      NCO is without knowledge or information sufficient to form a belief as to the truth
        of the allegations contained in paragraph 5 of the Plaintiff's Complaint, and,
        therefore, denies same.

6.      NCO is without knowledge or information sufficient to form a belief as to the truth
        of the allegations contained in paragraph 6 of the Plaintiff's Complaint, and,
        therefore, denies same.

7.      NCO is without knowledge or information sufficient to form a belief as to the truth
        of the allegations contained in paragraph 7 of the Plaintiff's Complaint, and,
        therefore, denies same.

8.      The statements contained in paragraph 8 of the Plaintiff's Complaint constitute legal
        conclusions rather than factual allegations, and, therefore, no response is required.

To the extent a response may be deemed required, NCO denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

## STATEMENT OF FACTS

9.   NCO admits that Lovelace Hospital placed account nos. 1444396 and 1444397 with it for collection on November 1, 2001.  NCO also admits that it has attempted to collect these debts.  Except as specifically admitted, however, the allegations contained in paragraph 9 of plaintiff's Complaint are denied.

10.   NCO denies the allegations contained in paragraph 10 of the plaintiff's Complaint.

11.   NCO denies the allegations contained in paragraph 11 of the plaintiff's Complaint.

12.   NCO denies the allegations contained in paragraph 12 of the plaintiff's Complaint.

13.   NCO admits that it reported the plaintiff's debt to Equifax, Trans Union and Experian.  However, NCO denies that it reported the plaintiff's debt to BCS.

14.   NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's Complaint, and, therefore, denies same.

15.   NCO denies that it improperly reported the plaintiff's debt.  NCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the plaintiff's Complaint, and, therefore, denies same.

16.   NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the plaintiff's Complaint, and, therefore, denies same.

17.    NCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's Complaint, and, therefore, denies same.

18.    NCO denies that it improperly reported the plaintiff's debt. NCO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the plaintiff's Complaint, and, therefore, denies same.

19.    NCO admits that it received a letter from plaintiff's counsel on or about January 6, 2003. However, NCO denies that Exhibits "A" through "F" were attached to the plaintiff's Complaint. To the extent that such Exhibits exist, NCO submits that Exhibits "A" through "F" are the best evidence of their content. To extent a response is deemed required, NCO denies the allegations contained in paragraph 19 of the plaintiff's Complaint.

20.    NCO denies the allegations contained in paragraph 20 of the plaintiff's Complaint.

21.    NCO denies that it has caused the plaintiff any damages. NCO further denies that the plaintiff is entitled to any relief whatsoever.

## STATEMENT OF CLAIMS
## COUNT I (FCRA)

22.    NCO incorporates and reasserts its responses to paragraphs 1 through 21 of the plaintiff's Complaint as if expressly asserted herein.

23.    To the extent that the allegations in paragraph 23 of the plaintiff's Complaint relate to NCO, NCO denies same. With respect to any remaining allegations contained in

4

paragraph 23 of the plaintiff's Complaint, NCO is without knowledge or information sufficient to determine the truth of the those allegations, and, therefore, denies same.

24.    NCO is without knowledge or information sufficient to determine the truth of the allegations contained in paragraph 24 of the plaintiff's Complaint, and, therefore, denies same.

25.    NCO denies the allegations contained in paragraph 25 of the plaintiff's Complaint.

## COUNT II (FDCPA)

26.    NCO incorporates and reasserts its responses to paragraphs 1 through 25 of the plaintiff's Complaint as if expressly asserted herein.

27.    To the extent that the allegations in paragraph 27 of the plaintiff's Complaint relate to NCO, NCO denies same. With respect to any remaining allegations contained in paragraph 27 of the plaintiff's Complaint, NCO is without knowledge or information sufficient to determine the truth of those allegations, and, therefore, denies same.

## COUNT III (M.G.L. CH. 93A)

28.    NCO incorporates and reasserts its responses to paragraphs 1 through 27 of the plaintiff's Complaint.

29.    The statements contained in paragraph 29 of the Plaintiff's Complaint constitute legal conclusions rather than factual allegations, and, therefore, no response is required. To the extent a response is deemed required and to the extent that the allegations in paragraph 29 of the plaintiff's Complaint relate to NCO, NCO denies same. To the extent that a response is deemed required with respect to any remaining allegations contained in paragraph 29 of the plaintiff's Complaint, NCO is without knowledge or

information sufficient to determine the truth of those allegations, and, therefore, denies same.

30. The allegations contained in paragraph 30 of the plaintiff's Complaint do not appear to contain any allegations requiring a response from NCO. To the extent that it may be deemed to contain any allegations requiring a response from NCO, NCO denies same.

31. NCO denies the allegations contained in paragraph 31 of the plaintiff's Complaint.

32. NCO admits that it received a letter from plaintiff's counsel on or about January 6, 2003. However, NCO denies that Exhibits "A" through "F" were attached to the plaintiff's Complaint. To the extent that such Exhibits exist, NCO submits that Exhibits "A" through "F" are the best evidence of their content. To extent a response is deemed required, NCO denies the allegations contained in paragraph 32 of the plaintiff's Complaint.

33. NCO denies the allegations contained in paragraph 33 of the plaintiff's Complaint.

34. The statements contained in paragraph 34 of the Plaintiff's Complaint constitute legal conclusions rather than factual allegations, and, therefore, no response is required. To the extent a response is deemed required, NCO denies the allegations contained in paragraph 34 of the plaintiff's Complaint.

35. NCO denies the allegations contained in paragraph 35 of the plaintiff's Complaint. NCO further denies that the plaintiff is entitled to any relief whatsoever from it.

6

## AFFIRMATIVE DEFENSES

NCO, having denied each and every allegation contained in the plaintiff's Complaint not specifically admitted above, states its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that the plaintiff's Complaint, and each and every count thereof, fails to state a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that if the plaintiff suffered damages as alleged in his Complaint, which NCO expressly denies, then the damages were caused by a third person(s) over whom NCO had no control, and for whom NCO is not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that the plaintiff's claims are barred against it by the applicable state of limitations.

## FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, NCO states that the plaintiff failed to satisfy the substantive and procedural requirements of making a demand under M.G.L. Ch. 93A.

WHEREFORE, the defendant, NCO Financial Systems, Inc., requests that this Court:

1.      Dismiss each and every cause of action asserted in the plaintiff's Complaint; and

2.    Order such other relief as this Court determines is just and equitable.

The Defendant,
NCO Financial Systems, Inc.,
By its Attorneys,

James J. Duane, III
B.B.O. #136500
Eric M. Chodkowski
B.B.O. #648629
TAYLOR, DUANE, BARTON
   & GILMAN, LLP
111 Devonshire Street
Boston, MA  02109
(617) 654-8200

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 13, 2004.

Eric M. Chodkowski