UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WILLIAM P. CHERNICOFF,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,
LOVELACE HEALTH SYSTEMS,
EQUIFAX INFORMATION SERVICES,
LLC, BIRCHWOOD CREDIT
SERVICES, INC., TRANS UNION
CORPORATION, and EXPERIAN
NATIONAL ASSISTANCE CENTER,

    Defendants.

Civil Action
No. 04-10073NG

## ANSWER OF DEFENDANT LOVELACE HEALTH SYSTEMS

Defendant Lovelace Health Systems answers the allegations of the Complaint of William P. Chernicoff as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and accordingly denies the allegations.

2.    Admitted.

3.    Admitted to the extent that Lovelace Health Systems is a corporation headquartered in Albuquerque, New Mexico. As to the remaining allegations of paragraph 3, the allegations can be neither admitted nor denied as they contain conclusions of law rather than factual assertions.

4.    Defendant is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 4, and accordingly denies the allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and accordingly denies the allegations.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and accordingly denies the allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and accordingly denies the allegations.

8. The allegations of Paragraph 8 can be neither admitted nor denied as they contain conclusions of law rather than factual assertions.

9. To the extent Paragraph 9 makes allegations against Lovelace Health Systems, Defendant admits those allegations.

10. To the extent Paragraph 10 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and accordingly denies the allegations.

12. To the extent Paragraph 12 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and accordingly denies the allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and accordingly denies the allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and accordingly denies the allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and accordingly denies the allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and accordingly denies the allegations.

18. To the extent Paragraph 18 makes allegations against Lovelace Health Systems, Defendant denies those allegations. As to all other allegations contained in Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of those allegations and accordingly denies the allegations.

19. To the extent Paragraph 19 makes allegations against Lovelace Health Systems, Defendant admits those allegations.

20. To the extent Paragraph 20 makes allegations against Lovelace Health Systems, Defendant admits those allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, and accordingly denies the allegations.

22. In response to the allegations contained in paragraph 22, the Defendants repeat and incorporate by reference their answers to paragraphs 1 through 21 set forth above.

23. To the extent Paragraph 23 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and accordingly denies the allegations.

25. To the extent Paragraph 25 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

26. In response to the allegations contained in paragraph 26, the Defendants repeat

and incorporate by reference their answers to paragraphs 1 through 25 set forth above.

27. To the extent Paragraph 27 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

28. In response to the allegations contained in paragraph 28, the Defendants repeat and incorporate by reference their answers to paragraphs 1 through 27 set forth above.

29. To the extent Paragraph 29 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and accordingly denies the allegations.

31. To the extent Paragraph 31 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

32. To the extent Paragraph 32 makes allegations against Lovelace Health Systems, Defendant admits those allegations.

33. To the extent Paragraph 33 makes allegations against Lovelace Health Systems, Defendant admits those allegations.

34. To the extent Paragraph 34 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

35. To the extent Paragraph 35 makes allegations against Lovelace Health Systems, Defendant denies those allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense

Plaintiff's Complaint fails because there is a lack of personal jurisdiction over the Defendant.

Third Affirmative Defense

Plaintiff's Complaint fails because the venue is improper.

Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrine of estoppel and/or waiver as a result of Plaintiff's own negligent and/or purposeful conduct.

Fifth Affirmative Defense

If Plaintiff was damaged as alleged, which Defendant expressly denies, any damages were caused by persons or entities over which Defendant had no control and for whose conduct Defendant is not legally responsible.

Sixth Affirmative Defense

To the extent Defendant owes damages to Plaintiff, which Defendant expressly denies, Plaintiff's claims are barred because Plaintiff failed to mitigate damages, if any.

Seventh Affirmative Defense

If Plaintiff was damaged as alleged, which Defendant expressly denies, any damages were caused by the negligence and/or purposeful acts of other persons or entities.

Eighth Affirmative Defense

If Plaintiff was damaged as alleged, which Defendant expressly denies, Defendant is contractually indemnified by co-defendant NCO Financial Systems, Inc. for any loss, liability, or expenses resulting from NCO Financial Systems, Inc.'s performance of collection services or failure to perform collection services on behalf of Defendant.

Ninth Affirmative Defense

If Plaintiff was damaged as alleged, which Defendant expressly denies, co-defendant NCO Financial Systems, Inc. was contractually obligated to perform collection services on behalf of Defendant in accordance with all federal, state and local statutes, rules, and regulations pertaining to collections services including, but not limited to, the Fair Debt Collection Practices Act and is therefore responsible for any damages suffered by the Plaintiff, if any.

Tenth Affirmative Defense

Any reporting of Plaintiff's debts to credit reporting agencies was conducted by persons or entities over which Defendant had no control and for whose conduct Defendant is not legally responsible.

Eleventh Affirmative Defense

Any failure to correct Plaintiff's credit report(s), to reflect a disputed debt owed to the Defendant, lies with persons or entities over which Defendant had no control and for whose conduct Defendant is not legally responsible.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant, award Defendant its costs and expenses, including reasonable attorneys' fees; and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

LOVELACE HEALTH SYSTEMS,

By its attorney,

*/s/ George W. Price*

George W. Price, BBO # 645174
Mintz, Levin, Cohn, Ferris,
Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Dated: April 23, 2004

LIT 1454544v1

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL/HAND ON 4-23-04

7